**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
                              (State)

Case number (*If known*): _____ Chapter __**11**__

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Vintage Wine Estates, Inc. (NV) |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 8 7 _ 1 0 0 5 9 0 2 |

4. **Debtor's address**

**Principal place of business**

205    Concourse Blvd.
Number    Street

Santa Rosa          CA      95403
City                State   ZIP Code

Sonoma
County

**Mailing address, if different from principal place of business**

937    Tahoe Blvd.
Number    Street

P.O. Box

Incline Village      NV      89451
City                 State   ZIP Code

**Location of principal assets, if different from principal place of business**

Number    Street

City                State   ZIP Code

5. **Debtor's website** (URL)    www.vintagewineestates.com

Debtor    Vintage Wine Estates, Inc. (NV)
　　　　　 _____    Case number *(if known)*_____
          Name

**6. Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>4</u>  <u>2</u>  <u>4</u>  <u>8</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

　☐ A plan is being filed with this petition.

　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No

☐ Yes.  District _____  When _____  Case number _____
　　　　　　　　　　　　　　　　　　　　　　　 MM / DD / YYYY

　　　 District _____  When _____  Case number _____
　　　　　　　　　　　　　　　　　　　　　　　 MM / DD / YYYY

Debtor   Vintage Wine Estates, Inc. (NV)

Name

Case number (if known) _____

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor   See attached Schedule 1                    Relationship _____

District _____   When _____
                                                          MM / DD / YYYY

Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number       Street

_____

City _____   State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**
(on a consolidated basis with all affiliated debtors)

☐ 1-49
☐ 50-99
☐ 100-199
☑ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

Debtor    Vintage Wine Estates, Inc. (NV)
_____    Case number (if known)_____
          Name

| 15. **Estimated assets** (on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. **Estimated liabilities** (on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

---

### Request for Relief, Declaration, and Signatures

**WARNING** --   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   07  /  24  /  2024
              MM  /  DD  /  YYYY

✖ /s/ Kristina Johnston
_____          Kristina Johnston
Signature of authorized representative of debtor    _____
                                                    Printed name

Title   Chief Financial Officer
        _____

---

| 18. **Signature of attorney** | ✖ /s/ Zachary I. Shapiro _____ Signature of attorney for debtor | Date   07  /  24  /  2024 |
|---|---|---|
| | | MM  /  DD  /  YYYY |

Zachary I. Shapiro
_____
Printed name
Richards, Layton & Finger, P.A.
_____
Firm name
920         North King Street
_____
Number      Street
Wilmington                              DE        19801
_____
City                                    State     ZIP Code
(302) 651-7819                          shapiro@rlf.com
_____
Contact phone                           Email address

005103                                  DE
_____         _____
Bar number                              State

---

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  001-40016 .

2. The following financial data is the latest available information and refers to the debtor's condition on March 31, 2024

    a. Total assets                                                          $ 478,633,000

    b. Total debts (including debts listed in 2.c., below)    $ 393,466,000

    c. Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

    d. Number of shares of preferred stock
    e. Number of shares common stock (outstanding)                  59,942,495

    Comments, if any: _____

3. Brief description of debtor's business:  The Debtors comprise a leading vintner in the United States, producing, bottling and selling wines and hard ciders through wholesale, direct-to-consumer and business-to-business sales. The Debtor's portfolio consists of more than 40 brands. The Debtors own and lease more than 2,500 acres and operate 12 wineries that support 11 tasting rooms.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
Marital Trust D Under the Leslie G. Rudd Living Trust; Patrick A. Roney and Laura G. Roney Trust; Bahl Raghav Nath

## SCHEDULE 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in this court for relief under chapter 11 of title 11 of the United States Code. Each Debtor is listed with the last four digits of its federal tax identification number. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Meier's Wine Cellars Acquisition, LLC.

Meier's Wine Cellars Acquisition, LLC (5557)
California Cider Co., Inc. (0443)
Girard Winery LLC (5076)
Grove Acquisition, LLC (9465)
Meier's Wine Cellars, Inc. (2300)
Mildara Blass Inc. (1491)
Sabotage Wine Company, LLC (8393)
Thames America Trading Company Ltd. (0696)
Vinesse, LLC (3139)
Vintage Wine Estates, Inc. (NV) (5902)
Vintage Wine Estates, Inc. (CA) (2279)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Vintage Wine Estates, Inc. (NV),<br><br>Debtor. | Chapter 11<br><br>Case No. 24-_____(___)<br><br>(Joint Administration Requested) |

**CONSOLIDATED LIST OF CREDITORS
<u>HOLDING THE 30 LARGEST UNSECURED CLAIMS</u>**

Vintage Wine Estates, Inc. (NV) and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), in the above-captioned cases each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  Contemporaneously with the filing of their petitions, the Debtors are hereby filing a consolidated list of the 30 largest unsecured creditors of the Debtors (the "<u>Creditors List</u>") in lieu of a separate list for each Debtor, consistent with Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

The Creditors List is based on the Debtors' unaudited books and records as of the petition date and was prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(d) for filing in the chapter 11 case. The Creditor List does not include: (1) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code; or (2) secured creditors, unless the value of a secured creditor's collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information contained herein constitutes neither an admission by the Debtors, nor does it constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim at a later date.

| Fill in this information to Identify the case: | |
| --- | --- |
| Debtor Name:   Meier's Wine Cellars Acquisition, LLC | |
| United States Bankruptcy Court for the:      District of Delaware | ☐ Check if this is an amended filing |
| Case Number (If known): | |

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WITHERS ROAD NAPA CA, LP GLADSTONE LAND CORPORATION 1521 WESTBRANCH DRIVE, STE 100 MCLEAN, VA  22102 | CONTACT: MATT JANDREAU PHONE: 703-287-5893 COMMERCIAL@GLADSTONE COMPANIES.COM | LANDLORD | | | | $1,343,761.97 |
| 2 | SHANNON RANCHES, INC. 12601 E. HIGHWAY 20 CLEARLAKE OAKS, CA  95423 | PHONE: 916-775-2203 NATALIE@SHANNONRANCHE S.COM | TRADE DEBT | | | | $1,065,136.13 |
| 3 | FEDERAL EXPRESS CORP. 3965 AIRWAYS BLVD MODULE G 3RD FL MEMPHIS, TN  38116-50107 | CONTACT: KYLON FREEMAN PHONE: 901-252-6173 BANKRUPTCY@FEDEX.COM | TRADE DEBT | | | | $1,028,510.66 |
| 4 | FERMENTED VISION 8958 E HIGHWAY 12 UNIT 776 VICTOR, CA  95253-2016 | CONTACT: ADAM METTLER PHONE: 209-400-7994 | TRADE DEBT | | | | $999,813.02 |
| 5 | MULTI-COLOR CORPORATION C/O WS PACKAGING GROUP INC 4053 CLOUGH WOODS DR BATAVIA, OH  45103 | CONTACT: KRISTI P. NELSON, GENERAL COUNSEL KRISTI.NELSON@MCCLABEL. COM | TRADE DEBT | | | | $823,798.19 |
| 6 | DISTILLED SPIRITS EPICENTER 801 SOUTH 8TH ST LOUISVILLE, KY  40203 | CONTACT: CINDY ALLEN CINDYA@FLAVORMAN.COM | TRADE DEBT | | | | $719,095.60 |
| 7 | ARDAGH GLASS INC. 10194 CROSSPOINT BLVD., SUITE 410 INDIANAPOLIS, IN  46256 | CONTACT: TRACY PEMBERTON PHONE: 707-200-9344 TRACY.PEMBERTON@ARDAG HGROUP.COM | TRADE DEBT | | | | $620,630.37 |

**Debtor:** Meier's Wine Cellars Acquisition, LLC

Case Number  (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8    OPPENHEIMER & CO. INC.<br>85 BROAD ST<br>4TH FL<br>NEW YORK, NY  10004 | CONTACT: ALBERT G LOWENTHAL<br>PHONE: 212-668-8000<br>INFO@OPCO.COM; | TRADE DEBT | | | | $600,000.00 |
| 9    VINTNERS 1904, INC.<br>10815 MINNESOTA AVE<br>PENNGROVE, CA  94951 | CONTACT: ROBBY HARRIS<br>PPETERSON2222@HOTMAIL.COM | TRADE DEBT | | | | $551,854.50 |
| 10   SAXCO INTERNATIONAL LLC<br>1855 GATEWAY BLVD SUITE 400<br>CONCORD, CA  94520 | PHONE: 877-641-4003<br>CASHAPP@SAXCO.COM | TRADE DEBT | | | | $486,914.38 |
| 11   MHV, LLC<br>5537 SOLANO AVE<br>NAPA, CA  94558 | CONTACT: ANTONIO SERRANO<br>ANTONIO@BETTINELLIVINEYARDS.COM | TRADE DEBT | | | | $385,983.58 |
| 12   MICROSTAR KEG MANAGEMENT LLC<br>6400 S FIDDLERS GREEN CIR<br>ENGLEWOOD, CO  80111 | CONTACT: TRACEY LA PIERRE<br>ACCOUNTSRECEIVABLE@MICROSTARKEGS.COM | TRADE DEBT | | | | $357,500.89 |
| 13   ALTERNATIVE RISK UNDERWRITING, LLC<br>1834 WALDEN OFFICE SQUARE SUITE 550<br>SCHAUMBURG, IL  60173 | CONTACT: MELISSA BACKES<br>PHONE: 847-577-4186<br>WACHTLER@ARU111.COM | TRADE DEBT | | | | $282,200.00 |
| 14   CHERRY BEKAERT LLP<br>3800 GLENWOOD AVENUE SUITE 200<br>RALEIGH, NC  27612 | CONTACT: MARK COOTER<br>PHONE: 919-782-1040<br>FAX: 919-783-00976<br>MCOOTER@CBH.COM | PROFESSIONAL SERVICES | | | | $277,167.43 |
| 15   BODEGA & VINEDOS RIO DULCE S.A.<br>DORREGO 4901<br>COQUIMBITO, MAIPU<br>MENDOZA<br>ARGENTINA | CONTACT: FEDERICO FERNANDEZ<br>FAX: +54 9261 4155977<br>FEDERICO@DOMICIANO.COM.AR | TRADE DEBT | | | | $267,680.00 |
| 16   NORTH ANDRE JUICE<br>39 ENCHANTED<br>IRVINE, CA  92620 | PHONE: 949-888-8692<br>FAX: 714-386 5353<br>SALES@NORTHANDRE.COM;<br>ANDREHK@NORTHANDRE.COM | TRADE DEBT | | | | $259,818.00 |
| 17   PRICEWATERHOUSECOOPERS LLP<br>PWC US TAX LLP<br>300 MADISON AVE<br>NEW YORK, NY  10017 | CONTACT: ROBERT MORITZ<br>PHONE: 646-471-3000<br>FAX: 813-286-6000<br>ROBERT.MORITZ@US.PWC.COM | TRADE DEBT | | | | $230,800.00 |
| 18   DIRT FARMER AND COMPANY<br>9725 LOS GUILICOS AVE<br>KENWOOD, CA  95452-0638 | CONTACT: STACY KUNDE<br>PHONE: 707-833-2054<br>STACY@DIRTFARMERANDCO.COM | TRADE DEBT | | | | $224,360.31 |
| 19   SONOMA BRANDS PARTNERS II, LLC<br>117 W. NAPA STREET, STE. C<br>SONOMA, CA  95476 | CONTACT: SHAHIR AMIN<br>PHONE: 707-656-2015<br>HELLO@SONOMABRANDS.COM | TRADE DEBT | | | | $213,415.91 |

**Debtor:** Meier's Wine Cellars Acquisition, LLC

**Case Number** (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20  MONVERA GLASS DECOR 1414 HARBOUR WAY SOUTH STE 1400 RICHMOND, CA  94804 | CONTACT: NARGUESS FARAHI PHONE: 877-792-1150 FAX: (707) 271-6455 INFO@MONVERA.COM; NARGUESS@MONVERA.COM | TRADE DEBT | | | | $205,630.61 |
| 21  FRUITSMART, INC. 506 6TH ST PO BOX 177 PROSSER, WA  99350 | CONTACT: SARA BAUDRAU, DIRECTOR OF FINANCE PHONE: 509-882-9956 INFO@FRUITSMART.COM | TRADE DEBT | | | | $199,761.00 |
| 22  BARTOW ETHANOL OF FLORIDA LC 1705 E MANN RD BARTOW, FL  33830 | CONTACT: MATT DUNBAR, JESSICA BALLARD PHONE: 863-533-2498 MDUNBAR@BARTOWETHAN OL.COM | TRADE DEBT | | | | $196,172.97 |
| 23  G3 ENTERPRISES INC 5174 SONOMA MOUNTAIN ROAD SANTA ROSA, CA  95404 | CONTACT: ETHAN JONES PHONE: 805-674-7145 ETHAN.JONES@G3ENTERPRIS ES.COM | TRADE DEBT | | | | $193,022.79 |
| 24  SC WAREHOUSES, LLC 360A INDUSTRIAL CT BENICIA, CA  94510 | HEIDI@EAGLE- REDWOOD.COM | TRADE DEBT | | | | $187,865.96 |
| 25  GUALA CLOSURES NORTH AMERICA INC 2300 S WATNEY WAY SUITE A FAIRFIELD, CA  94533 | NEY@GUALACLOSURESNA.C OM | TRADE DEBT | | | | $185,954.00 |
| 26  CHEROKEE FREIGHT LINES 3655 CHEROKEE RD STOCKTON, CA  95205 | PHONE: 209-931-3570 FAX: (209) 931-1207 SHEREE@GOCFL.COM | TRADE DEBT | | | | $179,005.46 |
| 27  RAMONDIN CAPSULAS 541 TECHNOLOGY WAY NAPA, CA  94558-7589 | CONTACT: DIANA MCVEY AR.USA@CREALISGROUP.CO M | TRADE DEBT | | | | $175,386.89 |
| 28  EMBARK INTERMEDIATE HOLDINGS, LLC 333 1ST AVE DALLAS, TX  75226 | PHONE: 214-225-0148 HELLO@EMBARKWITHUS.CO M | TRADE DEBT | | | | $174,671.45 |
| 29  GALLO GLASS COMPANY 605 S SANTA CRUZ AVE MODESTO, CA  95354 | PHONE: 209-341-4527 DSHAFFER@GALLOGLASS.CO M | TRADE DEBT | | | | $170,536.65 |
| 30  COASTAL VINEYARD CARE ASSOCIATES 224 EAST HIGHWAY 246, SUITE A BUELLTON, CA  93427 | CONTACT: JEFF NEWTON, CO-OWNER PHONE: 805-693-4720 FAX: 805-688-1861 VINEYARD@COASTALVINEYA RDCARE.COM | TRADE DEBT | | | | $170,477.04 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Vintage Wine Estates, Inc. (NV), | Case No. 24-_____ (___) |
| Debtor. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT
TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3) AND 7007.1**

Pursuant to rule 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Vintage Wine Estates, Inc. states as follows regarding equity owners holding a 10% or greater ownership interest:

| Debtor | Name and Address of Equity Interest Holder | Percentage of Interests Held |
|---|---|---|
| Vintage Wine Estates, Inc. (NV) | Marital Trust D under the Leslie G. Rudd Living Trust c/o LRIco Services, LLC 2416 E. 37th St. N., Wichita, KS 67219 | 12.1% |

**Fill in this information to identify the case and this filing:**

Debtor Name __Vintage Wine Estates, Inc. (NV)__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration__List of equity security holders and statement of corporate ownership__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __07/24/2024__        ✖ __/s/ Kristina Johnston__
MM / DD / YYYY                        Signature of individual signing on behalf of debtor

__Kristina Johnston__
Printed name

__Chief Financial Officer__
Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors



## UNANIMOUS WRITTEN CONSENT
## OF THE BOARD OF DIRECTORS
## OF
## VINTAGE WINE ESTATES, INC.

The undersigned, being all the members of the Board of Directors (the "Board") of Vintage Wine Estates, Inc., a Nevada corporation (the "Company"), hereby adopt, consent, approve and ratify the following resolutions by unanimous consent, which resolutions (i) pertain to matters that the Board has held multiple meetings to discuss and consider, including meetings over the past week held on July 17, 2024, July 21, 2024, July 22, 2024 and July 23, 2024, and of which all directors are fully informed, and (ii) are being adopted by unanimous consent due to the inability of certain directors to be physically present at the most recent meeting of the Board:

**Chapter 11 Filing**

**WHEREAS**, the Board has regularly and carefully reviewed the materials and other information presented by the Company's management and advisors regarding the Company's business conditions, the Company's operations, its current and projected financial position, and other relevant information;

**WHEREAS,** the Board has thoroughly evaluated the Company's strategic alternatives, including a possible restructuring;

**WHEREAS,** the Board has conferred extensively with the Company's management and advisors regarding these matters, and determined that the filing of a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") is in the best interests of the Company, its subsidiaries and affiliates, and its stakeholders;

**WHEREAS,** the Board has determined that the entry into a new debtor in possession financing facility or facilities, including use of cash collateral, is in the best interests of the Company, its subsidiaries and affiliates, and its stakeholders; and

**WHEREAS,** the Board has determined that entry into a Potential Sale Transaction (as defined below) is in the best interests of the Company, its subsidiaries and affiliates, and its stakeholders.

**NOW, THEREFORE, BE IT RESOLVED**, that the Company shall be, and it hereby is, contemporaneously herewith, authorized to file a voluntary petition (the "Petition") for relief under chapter 11 of title 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Delaware or such other court as the appropriate officer or officers of the Company shall determine to be appropriate

(the "<u>Bankruptcy Court</u>") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing;

FURTHER RESOLVED, that the Chief Executive Officer, the Chief Financial Officer and any other officer of the Company that the Chief Executive Officer or the Chief Financial Officer may designate from time to time (collectively, the "<u>Designated Officers</u>") shall be, and each of them, acting alone, hereby is, authorized and empowered on behalf of, and in the name of, the Company, to: (a) execute, acknowledge, deliver and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Designated Officer, in such officer's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; (c) execute, acknowledge, deliver and verify any and all other documents necessary or appropriate in connection therewith or to administer the Company's chapter 11 case in such form or forms as any such Designated Officer may approve; and (d) cause any of the Company's majority-owned subsidiaries to take any action consistent with these resolutions, including the filing of petitions for relief under chapter 11, the retention of professionals and the incurrence of debt by such subsidiaries; and

FURTHER RESOLVED, that the actions of any Designated Officer taken pursuant to the preceding resolution, including the execution, acknowledgment, delivery and verification of the Petition and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Designated Officer's approval and the necessity or desirability thereof.

## Debtor in Possession Facility

RESOLVED, that the Company, shall be, and it hereby is, authorized to: (a) enter into a new debtor in possession facility (the "<u>DIP Facility</u>") and any associated documents, and any and all amendments, modifications or supplements thereto, and consummate the transactions contemplated therein (collectively, the "<u>DIP Facility Transactions</u>"), with such lenders and on such terms substantially consistent with those presented to the Board on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Designated Officers, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company; and (b) pay related fees and grant security interests in and liens upon some, all or substantially all of the Company's assets, in such case, as may be deemed necessary or desirable by any one or more of the Designated Officers in connection with the DIP Facility Transactions; and

FURTHER RESOLVED, that: (a) the Designated Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, security agreements, pledges, guaranties, and any and all other documents as any of the Designated Officers may deem necessary or appropriate to facilitate the DIP Facility Transactions, and any and all amendments, modifications or supplements thereto (collectively, the "<u>DIP Facility Documents</u>"); (b) DIP Facility Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any of the Designated Officers are hereby approved; and (c) the actions of any Designated Officer taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Designated Officer's approval thereof and the necessity or desirability thereof.

**Potential Sale Transaction**

      **RESOLVED**, that the Company shall be, and hereby is, and the Designated Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, to file a motion with the Bankruptcy Court (a) seeking approval of bidding procedures to be used to facilitate a potential sale of all or substantially all of the Company's assets pursuant to section 363 of the Bankruptcy Code (each such potential transaction, a "Potential Sale Transaction") and (b) seeking approval of one or more stalking horse purchasers for each Potential Sale Transaction, on such terms as may subsequently be approved by the Designated Officers, as may be reasonably necessary or desirable.

**Retention of Professionals and Claims and Noticing Agent**

      **RESOLVED**, that the Designated Officers shall be, and each of them hereby is, authorized and empowered to retain, on behalf of, and in the name of, the Company: (a) Jones Day; (b) Richards, Layton & Finger, P.A.; (c) GLC Advisors & Co., LLC, as investment banking firm; (d) Riveron Consulting, LLC, as financial advisor; and (e) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants or brokers, in each case as in any such Designated Officer's judgment may be necessary or desirable in connection with the Company's chapter 11 case and other related matters, on such terms as such officer or officers shall approve and such Designated Officer's retention thereof to constitute conclusive evidence of such Designated Officer's approval and the necessity and desirability thereof; and

      **FURTHER RESOLVED**, that the law firm Jones Day and the law firm Richards, Layton & Finger, P.A. and any additional special counsel selected by the Designated Officers, if any, shall be, and hereby are, authorized and empowered to represent the Company, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code.

**Delisting and Deregistration of Securities**

      **WHEREAS**, the Board believes that it is appropriate and in the best interest of the Company and its shareholders for the Company to delist (the "Delisting") the Company's shares of common stock, no par value per share ("common stock") and warrants to purchase common stock ("warrants" and, together with the common stock, the "Listed Securities") from The Nasdaq Stock Market LLC ("Nasdaq"), and to deregister (the "Deregistration") the Listed Securities under the Securities Exchange Act of 1934 (the "Exchange Act") and/or suspend the Company's reporting obligations under the Exchange Act.

      **RESOLVED**, that the Designated Officers be, and each of them acting alone hereby is, authorized, empowered and directed, for and on behalf of the Company, to effectuate the Delisting and the Deregistration and suspension of the Company's reporting obligations under the Exchange Act;

      **FURTHER RESOLVED**, that the Designated Officers be, and each of them acting alone hereby is, authorized, empowered and directed, for and on behalf of the Company, to prepare or cause to be prepared, and to execute and file or cause to be executed and filed with the Securities and Exchange Commission (the "Commission") a Form 25 in connection with the Delisting;

      **FURTHER RESOLVED**, that the Designated Officers be, and each of them acting alone hereby is, authorized, empowered and directed, for and on behalf of the Company, to prepare or cause to be prepared, and to execute and file or cause to be executed and filed with the Commission a Form 15 to effect the Deregistration and suspend and terminate any reporting obligations of the Company; and

**FURTHER RESOLVED**, that the Designated Officers be, and each of them acting alone hereby is, authorized, empowered and directed, for and on behalf of the Company, to prepare or cause to be prepared, and to execute and file or cause to be executed and filed any other documents necessary to effect the Delisting, Deregistration and suspension and termination of any reporting obligations of the Company, including, but not limited to, a notice of delisting and all related documentation to be delivered to Nasdaq.

<u>SEC Filings and Press Release</u>

**RESOLVED**, that in connection with the Petition, the DIP Facility, the Delisting, the Deregistration and the foregoing resolutions, the Company is authorized to file (i) a Current Report on Form 8-K disclosing such matters and (ii) any and all other documents with the Securities and Exchange Commission (including all exhibits and other documents relating thereto and any and all amendments thereto), pursuant to the rules and regulations promulgated under the Securities Act of 1933 and the Securities Exchange Act of 1934, as any of the Designated Officers may deem necessary, advisable or appropriate, and the filing thereof shall be conclusive evidence of such approval and the necessity, advisability or appropriateness thereof; and

**FURTHER RESOLVED**, that further in connection with the Petition, the DIP Facility, the Delisting, the Deregistration and the foregoing resolutions, the Company is authorized to issue a press release announcing such matters.

<u>Additional Resolutions</u>

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Designated Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized and empowered, in the name of, and on behalf of, the Company to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, amendments and other documents and to pay all expenses, including filing fees, in each case as in such officer's or officers' judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken or to be taken by any officer or officers of the Company in connection with any of the foregoing matters in all respects are hereby ratified, confirmed and approved; and

**FURTHER RESOLVED,** that any Designated Officer, secretary or assistant secretary of the Company shall be, and each of them, acting alone, hereby is, authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Designated Officer, a true copy of the foregoing resolutions.

*[Signature Page Follows]*



**IN WITNESS WHEREOF,** the undersigned members of the Board have executed this Unanimous Written Consent effective as of July 23, 2024.

Patrick Roney

Paul S. Walsh

Robert L. Berner III

Mark W.B. Harms

Candace Koederitz

Jon Moramarco

Tim Proctor

Lisa M. Schnorr

Ivona Smith

Steven Strom

[Unanimous Written Consent of the Board of Directors of Vintage Wine Estates, Inc.]